STATE OF MISSOURI, Appellant, v. FRANK CARR *et al.*, Respondents.

St. Louis Court of Appeals, October 26, 1897.

Jurisdiction, Appellate: INFORMATION: DESCRIPTION OF OFFENSE. Whether an information describes an offense under one provision of the statute, the constitutionality of which is clearly raised on the record, or under different provisions, is a question for the supreme court to decide, especially where the same question is presented in a cause pending in that court.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. DAVID MURPHY, Judge.

TRANSFERRED TO SUPREME COURT.

No briefs filed.

PER CURIAM.—The motion to quash the information filed in the criminal court, among other reasons assigned for quashing the information, states the following: *Second:* "Because the facts stated in said information, if they constitute a violation of any law, show a violation of the law of 1897 in reference to book-making, which law is commonly known as the 'Breeder's Law,' which law is unconstitutional in that it violates section 53, article 4 of the Missouri Constitution, and the fourth amendment to the federal constitution by granting a special privilege." * * * The contention of the appellant is that the information is drawn under sections of the statute, the constitutionality of which are in no way challenged, and that no attempt was made to charge an offense under the "Breeder's Law." Its counsel, however, admitted on the argument that the state had sued out a writ of error from the supreme court in another case which is similar to the one at bar, and that that cause is now pending. If the information here describes an offense under the "Breeder's Law," it is clear we have no jurisdiction, as the constitutionality of that act is clearly raised on the record. If on the other hand the information does not so charge, but is drawn under different provisions of the statute, then our right to dispose of the appeal is beyond dispute. That question we think ought to be determined by the supreme court, especially as the case now pending in that court presents the same question of jurisdiction. When this cause reaches the supreme court the jurisdictional question in both cases can be determined on motions to remand. For the reasons stated the cause will be transferred to the supreme court.